UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YAJAIRA HINOJOSA,

                            Plaintiff,

      -v-

ROBERT E. JUDGE PC,

                            Defendant.

1:24 Civ. 5972 (PAE)

ORDER OF SERVICE

---

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Yajaira Hinojosa brings this *pro se* action, asserting claims under the Fair Debt Collection Practices Act (FDCPA), and seeking damages and costs. She sues Robert E. Judge PC, a law firm. By order dated August 12, 2024, the Court granted plaintiff's request to proceed *in forma pauperis* ("IFP"), without prepayment of fees.[1] As set forth in this order, the Court directs service on defendant.

## DISCUSSION

Because plaintiff has been granted permission to proceed IFP, she is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall

---

[1] Plaintiff has likely revealed the full name of a minor child in her IFP application. Out of an abundance of caution, the Court has directed the Clerk of the Court to restrict electronic access to that submission to "case participant-only" status. *See* Fed. R. Civ. P. 5.2(a)(3) (court submissions that refer to a minor child must use the child's initials).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow plaintiff to effect service on defendant through the Marshals Service, the Clerk of the Court is instructed to fill out a U.S. Marshals Service Receipt and Return form ("USM-285 form") for defendant. The Clerk of the Court is further instructed to issue a summons for defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service on the defendant.

If the complaint is not served within 90 days after the date the summons is issued, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if plaintiff fails to do so.

## CONCLUSION

The Court respectfully directs the Clerk of the Court to mail an information package to plaintiff.

The Court also directs service on defendant.

The Court further directs the Clerk of the Court to: (1) issue a summons for defendant; (2) complete the USM-285 form with the address for defendant; and (3) deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:  September 4, 2024
        New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

## DEFENDANT'S SERVICE ADDRESS

Robert E. Judge PC
365 Bridge Street
Suite 3PRO
Brooklyn, New York 11201