UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
YAJAIRA HINOJOSA,                                                 :
                                                                  :
                              Plaintiff,                          :    24 Civ. 5972 (PAE) (BCM)
               -v-                                                :
                                                                  :    OPINION & ORDER
ROBERT E. JUDGE PC,                                               :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On July 30, 2024, plaintiff Yajaira Hinojosa, *pro se*, filed this action against defendant Robert E. Judge PC ("REJ"), a debt collector, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Dkt. 1 (Complaint). The Complaint alleges that REJ, in attempting to collect on a debt from Hinojosa, did not provide her with a "bill of assignment" or other "documentary evidence" of its authority to do so on behalf of the creditor, which, she claims, violated the FDCPA. *Id.* ¶¶ 8–13.

On September 30, 2024, REJ moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 9 (the "motion to dismiss"). On October 1, 2024, the Court directed Hinojosa, by October 21, 2024, to file any amended complaint or opposition to the motion. Dkt. 15 (the "October 1, 2024 Order"). That same day, the Court referred REJ's motion to dismiss to United States Magistrate Judge Barbara C. Moses. Dkt. 16.[1]

---

[1] Hinojosa did not oppose the motion to dismiss or file an amended complaint by the deadline set by the Court's October 1, 2024 Order. Solicitous of Hinojosa's *pro se* status, however, Judge Moses, on October 24, 2024, *sua sponte* extended her deadline to do so, to November 18, 2024. Dkt. 18. On November 11, 2024, Hinojosa opposed the motion to dismiss. Dkt. 19.

On April 16, 2024, Judge Moses issued a Report to this Court, recommending that REJ's motion to dismiss be granted. Dkt. 24 at 2 (the "Report"). It stated that "[t]he parties have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) . . . . Failure to file timely objections will result in a waiver of such objections and will preclude appellate review." Report at 11.

Neither party has filed objections. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts Judge Moses's thorough and well-reasoned Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Moses's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "the parties shall have fourteen days to file written objections" and that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal," Report at 11, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga*

*Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

Accordingly, the Court grants REJ's motion to dismiss. The Court respectfully directs the Clerk of Court to close all pending motions and to dismiss this action with prejudice.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 15, 2025
      New York, New York